McKinney, J.
delivered the opinion of the court.
This is an action of ejectment instituted' in the Circuit Court of Anderson county. On the trial of the -case at the March special term, 1846, verdict and judgment were rendered for the defendant: and the lessee of the plaintiff prosecuted an appeal in the nature of a writ of error to this court. The error assigned and relied upon is in the charge of his Honor, the Circuit Judge, to the Jury.
From the testimony in the record before us, it appears that there existed an ancient, well-marked line, which had been claimed by Richard Lewallen (under whom the lessee *77 derives title) as his boundary line for thirty or thirty-five years. It further appears that some six or seven years before the death of said Richard Lewallen, a line was run and marked, by a surveyor, at the mutual request of said Lewallen and William Lamar — the latter having no title to the adjoining lands, but was in possession of, and set up claim to, a house and small enclosure situated thereon. The line thus run and marked, was in accordance with the course and distances called for in the plaintiff’s deed, and varied from the old marked line, so as to exclude a part of the land claimed by Richard Lewallen, and which was indeed, within the old line: when said line was run and marked by the surveyors, Lewallen- and Lamar agreed verbally, that it should be the dividing line between them, but Lewallen afterwards, and on the evening of the same day the line was run, dissented from the agreement, and ever afterwards repudiated said new line. The plaintiff’s counsel requested the Circuit Judge to instruct the jury, that, as William Lamar, under whom the defendant claimed had no title to the land adjoining Lewallen’s, at the time the agreement between them was made, and no claim except the occupancy of a house and small piece of ground enclosed, which was near to where the dividing line was run by the surveyor, without any paper title of any description, that the agreement between them to run and mark said line was within the statute of frauds, and not binding upon them, especially as Lewallen did not acquiesce in said line, but disclaimed it from the day it was run. The court refused so to instruct the jury, and charged among other things, “that if the jury believed the parties were in doubt about where Lewallen’s true line was, and William Lamar set up claim to the land adjoining Lew-allen’s land, even without any title whatever, and the *78 parties did agree to run a divisional line between them, and that a line was run pursuant to that agreement, and that after it was run, it was agreed that it should be the line between them, that it was binding on Richard Lewallen and all others claiming under him, and also on William Lamar, and all those claiming under him; and that it made no ■ difference whether Lewallen acquiesced in said line or not, that it was binding on the parties.”
We think this charge is erroneous upon two grounds: First. An essential and inseparable qualification of the rule in regard to the establishment of boundary lines by-parol agreement of the parties, was omitted to be stated to the jury. According to the uniform cause of decision upon this subject, in this court, the obligatory force and legal effect of a verbal agreement between the adjoining owners of lands, to establish a line, depends upon the fact that no certain, definite and known boundary line previously existed. For, as held in the case of Gilchrist vs. McGee, 9 Yerg. 455: “If with a full knowledge of a line which is fixed and established, the parties by verbal agreement, make another line, or.consent that a line which has been run elsewhere, shall be the true line, such agreement would be within the statute of Frauds.” And we hold, that if there be a certain and established line known to the parties, a mere doubt in their minds, altogether erroneous and unfounded, as to whether or not it is the proper, boundary, will not be sufficient to give validity or effect to the location of a different line, by parol agreement. The rule under consideration, contemplates that no definite, ascertained boundary line has been previously established in any mode recognized by law; and in such ca§e there is a manifest propriety and necessity that the parties should be at liberty to fix upon a line, and a parol agreement to do *79 tso, in the given case, is no infringement of the statute of Frauds. It is not in effect an agreement for the sale or transfer of land by the one party to the other, but merely to fix the boundary or dividing line between the adjoining tracts — which is supposed hot previously to have been done.
Second. The proof shows that Lamar had no title to the land at the time of the agreement to run and mark the line in question. The charge assumes that this was unimportant, and that the claim set up by him, in virtue of his occupancy, was sufficient to give binding force to the agreement on his part. We do not think so. Having no title to the land, he had no legal interest in the establishment of the boundary. The agreement was without consideration, and was not mutual: he hazarded nothing and could not be prejudiced in any event, nor could he, whatever the result, be held bound by the agreement, and much less would it have bound the legal owner of the land. We cannot, therefore, perceive upon what principle Richard Lewallen, or those claiming under him, can be held bound by such agreement, unless acquiesced in by him for such a length of time, and under such circumstances, as by the second section of the statute of limitations of 1819, would have been sufficient to have barred his right of entry and action; but there was no such acquiescence in this case. Upon both these grounds the judgment of the Circuit Court must be reversed, and the case be remanded for a new trial.